**Service of Process Transmittal**
03/23/2022
CT Log Number 541276380

**TO:** Brandon Kosinski
UBER TECHNOLOGIES, INC.
950 23RD ST
SAN FRANCISCO, CA 94107-3401

**RE: Process Served in Massachusetts**

**FOR:** UBER TECHNOLOGIES, INC. (Domestic State: DE)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Re: SHAKEEL BASHIR // To: UBER TECHNOLOGIES, INC. |
| **DOCUMENT(S) SERVED:** | Summons, Cover Sheet, Complaint |
| **COURT/AGENCY:** | Suffolk County: Superior Court Commonwealth of Massachusetts, MA<br>Case # 2184CV02756 |
| **NATURE OF ACTION:** | Personal Injury - Vehicle Collision - 10/12/2020 |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Boston, MA |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 03/23/2022 at 09:30 |
| **JURISDICTION SERVED :** | Massachusetts |
| **APPEARANCE OR ANSWER DUE:** | Within 20 days after service of this summons upon you, exclusive of the day of service |
| **ATTORNEY(S) / SENDER(S):** | David D. Dishman<br>DISHMAN LAW, PC<br>224 Lewis Wharf<br>Boston, MA 02110<br>617-523-5252 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 03/23/2022, Expected Purge Date: 03/28/2022<br><br>Image SOP<br><br>Email Notification, Claims Lit intake@uber.com<br><br>Email Notification, Brandon Kosinski bkosinski@uber.com<br><br>Email Notification, Sara Hernandez shernandez@uber.com |
| **REGISTERED AGENT ADDRESS:** | C T Corporation System<br>155 Federal Street<br>Suite 700<br>Boston, MA 02110<br>877-564-7529<br>MajorAccountTeam2@wolterskluwer.com |



**Service of Process Transmittal**
03/23/2022
CT Log Number 541276380

**TO:** Brandon Kosinski
UBER TECHNOLOGIES, INC.
950 23RD ST
SAN FRANCISCO, CA 94107-3401

**RE:** **Process Served in Massachusetts**

**FOR:** UBER TECHNOLOGIES, INC. (Domestic State: DE)

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other advisors as necessary. CT disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.



# PROCESS SERVER DELIVERY DETAILS

**Date:** Wed, Mar 23, 2022

**Server Name:** Drop Service

| | |
|---|---|
| Entity Served | UBER TECHNOLOGIES, INC. |
| Case Number | 2184CV02756 |
| Jurisdiction | MA |



# Commonwealth of Massachusetts

SUFFOLK, ss.

SUPERIOR COURT DEPARTMENT
OF THE TRIAL COURT
CIVIL ACTION

No. 2184-CV-02756

SHAKEEL BASHIR, Plaintiff(s)

v.

UBER TECHNOLOGIES INC, Defendant(s)

## SUMMONS

To the above-named Defendant:

You are hereby summoned and required to serve upon David Dishman 224 Lewis Wharf Boston 02110 plaintiff's attorney, whose address is ________, an answer to the complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You are also required to file your answer to the complaint in the office of the Clerk of this court at Boston either before service upon plaintiff's attorney or within a reasonable time thereafter.

Unless otherwise provided by Rule 13(a), your answer must state as a counterclaim any claim which you may have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff's claim or you will thereafter be barred from making such claim in any other action.

Witness, Judith Fabricant, Esquire, at Boston, the 16th day of March, in the year of our Lord two thousand Twenty two.

Michael Joseph Donovan

Clerk/Magistrate

NOTICE TO DEFENDANT — You need not appear personally in court to answer the complaint, but if you claim to have a defense, either you or your attorney must serve a copy of your written answer within 20 days as specified herein and also file the original in the Clerk's Office.

NOTES.

1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all defendants should appear in the caption. If a separate summons is used for each defendant, each should be addressed to the particular defendant.
3. TO PLAINTIFF'S ATTORNEY: PLEASE CIRCLE TYPE OF ACTION INVOLVED

A true copy Attest: 3-22-22 Deputy Sheriff Suffolk County

## PROOF OF SERVICE OF PROCESS

I hereby certify and return that on ______________, 201___, I served a copy of the within summons, together with a copy of the complaint in this action, upon the within-named defendant, in the following manner (See Mass. R. Civ. P. 4 (d) (1-5):

______________________________________________

______________________________________________

______________________________________________

Dated: ______________, 201___ ______________________________

**N.B. TO PROCESS SERVER:—**
**PLEASE PLACE DATE YOU MAKE SERVICE ON DEFENDANT IN THIS BOX ON THE ORIGINAL AND ON COPY SERVED ON DEFENDANT.**

| , 201 .. |
|---|

2203027

**Commonwealth of Massachusetts**

SUFFOLK, ss.

SUPERIOR COURT DEPARTMENT
OF THE TRIAL COURT
CIVIL ACTION
No. 2184-CV-02756

SAKESL BASHIR, Plff(s).

v.

UBER Technologies INC, Deft(s).

SUMMONS
(Mass. R. Civ. P. 4)

(AFFIX FILING STAMP HERE)

# CIVIL ACTION COVER SHEET

DOCKET NUMBER

**Trial Court of Massachusetts**
**The Superior Court**

**COUNTY** **Suffolk Superior Court (Boston)**

| | | | |
|---|---|---|---|
| **Plaintiff** | SHAKEEL BASHIR | **Defendant:** | UBER TECHNOLOGIES, INC |
| ADDRESS: | MILTON, MA | ADDRESS: | c/o CT CORPORATION |
| | | | 155 FEDERAL STREET, STE 700 |
| | | | BOSTON MA 02110 |
| **Plaintiff Attorney:** | | **Defendant Attorney:** | |
| ADDRESS: | DAVID DISHMAN | ADDRESS: | |
| 224 Lewis Wharf | | | |
| BOSTON MA 02110 | | | |
| BBO: | 126210 | BBO: | |

**TYPE OF ACTION AND TRACK DESIGNATION (see instructions section below)**

| **CODE NO.** | **TYPE OF ACTION (specify)** | **TRACK** | **HAS A JURY CLAIM BEEN MADE?** |
|---|---|---|---|
| A01 | EMPLOYMENT | F | ☐ YES ☒ NO |

***If "Other" please describe:**

**Is there a claim under G.L. c. 93A?** ☐ YES ☒ NO

**Is there a class action under Mass. R. Civ. P. 23?** ☐ YES ☒ NO

**STATEMENT OF DAMAGES PURSUANT TO G.L. c. 212, § 3A**

The following is a full, itemized and detailed statement of the facts on which the undersigned plaintiff or plaintiff's counsel relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.

**TORT CLAIMS**

A. Documented medical expenses to date

1. Total hospital expenses
2. Total doctor expenses
3. Total chiropractic expenses
4. Total physical therapy expenses
5. Total other expenses (describe below)

***12/2/2021***

Subtotal (1-5): **$0.00**

B. Documented lost wages and compensation to date

C. Documented property damages to date

D. Reasonably anticipated future medical and hospital expenses

E. Reasonably anticipated lost wages

F. Other documented items of damages (describe below) $100,000.00

LOSS OF INCOME FOR ONE YEAR PLUS

TOTAL (A-F): **$100,000.00**

G. Briefly describe plaintiff's injury, including the nature and extent of injury:

RETALIATION M.G.L. c. 149 Â§148A, UNLWFUL PRACTICES M.G.L c. 151B Â§4

**CONTRACT CLAIMS**

☐ This action includes a claim involving collection of a debt incurred pursuant to a revolving credit agreement. Mass. R. Civ. P. 8.1(a).

| Item # | Detailed Description of Each Claim | Amount |
|---|---|---|
| 1. | | |
| | Total | |

Signature of Attorney/Unrepresented Plaintiff: X /s/ David D. Dishman    Date: October 23, 2021

**RELATED ACTIONS:** Please provide the case number, case name, and county of any related actions pending in the Superior Court.

**CERTIFICATION PURSUANT TO SJC RULE 1:18**

I hereby certify that I have complied with requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods of dispute resolution.

Signature of Attorney/Unrepresented Plaintiff: X /s/ David D. Dishman    Date: 10/23/21

**COMMONWEALTH OF MASSACHUSETTS**

SUFFOLK, ss

SUPERIOR COURT DEPARTMENT
Civil Action no.: 2184-20 02756

SHAKEEL BASHIR

Plaintiff,

v.

12/2/2021

UBER TECHNOLOGIES, INC.,

Defendant.

______________________________/

# COMPLAINT

## Introduction

Uber is a car service which engages thousands of drivers in the Commonwealth of Massachusetts that can be hailed and dispatched through mobile phone applications to transport passengers. It is based in San Francisco, California, and does business extensively throughout Massachusetts. Herein, Plaintiff alleges was deactivated and/or terminated from the Uber platform based on his termination by Uber was in retaliation for his complaints about its inflated charges to customers and drivers during the Covid-19 pandemic. In addition, Plaintiff alleges his termination was due to a complaint from a customer as a result of his religious beliefs and was discrimination in violation of M.G.L. c. 151B §4. Although Plaintiff was an "at-will" employee and could be terminated without cause,his termination meets multiple recognized exceptions to the "at-will" employment doctrine for public policy reasons.

**Parties**

1.      Plaintiff Shakeel Bashir is an adult resident of Norfolk County, Massachusetts, and worked as an Uber driver from 2015 to his termination / deactivation in October 2020. Plaintiff is a devote Muslim and as such he cannot drink alcohol and cannot listen to music with sexually or profane content. Prior to his termination, he had a nearly perfect 4.9 star rating with the Defendant.

2.      Defendant Uber Technologies, Inc. ("Uber") is a foreign corporation headquartered in San Francisco, California with a resident agent CT Corporation located at 155 Federal Street, Suffolk County, Massachusetts. The Defendant is a car service that provides transportation service in cities throughout the country, including in Massachusetts, via an on-demand dispatch system that offers customers the ability to hail a car service driver on a mobile phone application.

**Statement of facts**

3.      Uber has a policy that its drivers are subject to termination or deactivation if it determines that a driver has violated Uber's rules or standards which can be based on subjective customer feedback.

4.      On/about October 12, 2020, he instructed an Uber passenger in his vehicle to wear a face covering, in accordance with Uber and City of Boston regulations. When the passenger refused to comply Plaintiff terminated the ride.

5.      After the fare was over, this passenger contacted Uber and falsely reported that Plaintiff was under the influence of drugs and alcohol. Uber suspended Plaintiff saying the matter was being investigated.

6.  Immediately thereafter, Plaintiff contacted by Uber by telephone and explained that he is a devout Muslim and does not drink alcohol or use drugs. He took a drug test the same day and the test results proved to be negative for alcohol or any substances.

7.  In the same conversation, Plaintiff complained that Uber was charging customers higher fares and charging its drivers significantly increased commissions than before the COVID-19 pandemic.  In fact, he suggested that Uber had increased its regular rates, without labeling it a *surcharge*, to circumvent the Attorney General ban on *surcharges*. For example, prior to being terminated, Plaintiff completed a 7-minute ride and Uber charged $46 for the ride. Uber kept $20 and gave Plaintiff $26, reflecting a 43% commission. In another example, Plaintiff completed a $160 trip and Uber took $80 of this trip which is a 50% commission.  Prior to the Covid-19 pandemic, Uber only charged a 25% to 28% commission on Plaintiff's rides.

8.  In the same conversation, Plaintiff indicated he would be reporting the matter to the Attorney General's Office

9.  Shortly thereafter, Uber deactivated /terminated Plaintiff and denied him access to his account information.

10.  In another example, in 2019, Plaintiff was suspended from the Uber platform as a result of in spite of Plaintiff's request, the passenger refused to stop playing the offensive music and became angry, swearing at Plaintiff and calling him racial slurs. After the fare was over the passenger falsely complained to Uber that Plaintiff was intoxicated.  As a result of the false complaint Uber suspended Plaintiff.

11.  In another example, Uber suspended Plaintiff from its operating platform as a result of his asking a customer to refrain from playing music in his vehicle that contained sexual content and profanities in order to conform with his Muslim religion.

**COUNT I**

**M.G.L. c. 149 § 148A Retaliation**

12. As set forth above, the Defendant's termination of the Plaintiff was in retaliation for his complaints to Uber about its *de facto* surcharges during the Covid-19 pandemic, in violation of Chapter 149 § 148A.

13. The Defendant's termination of Plaintiff was in violation of public policy and therefore was an exception to the "at will" employment doctrine.

14. As a result thereof, Plaintiff has suffered significant injury and harm.

**COUNT II**

**M.G.L. c. 151B §4 / Unlawful practices**

15. As set forth above, Plaintiff was suspended and later terminated from Uber as a result of his attempt to adhear to his Muslim beliefs which prohibit listening to music with profanities and/or sexual content.

16. The Defendant's termination of Plaintiff was in violation of public policy as it was based on his religious beliefs and therefore was an exception to the "at will" employment doctrine.

17. As a result thereof, Plaintiff has suffered and continues to suffer significant injury and harm.

**Prayer for Relief**

WHEREFORE, Plaintiff respectfully requests that the Court enter the following relief:

1. An injunctive order for Defendant to immediately reinstate Plaintiff as a driver on its platform;

2. An award of damages for the loss of income that the Plaintiff has suffered due to his termination;
3. An award of damages for emotional distress;
4. Attorneys' fees and costs; and
5. Any and all other relief to which the Plaintiff may be entitled, as this Honorable Court deems just.

*Respectfully submitted.*

Plaintiff,
SHAKEEL BASHIR

By his attorney,

*s/ David D. Dishman*
David D. Dishman (BBO#126210)
DISHMAN LAW, PC
224 Lewis Wharf
Boston, MA 02110
617-523-5252
david@dishmanlaw.com